(Reap. Dec. 8331)

C. WILDERMANN CO., INC. *v.* UNITED STATES

Entry No. 865782, etc.

(Decided September 9, 1954)

*Fred Bennett* for the plaintiff.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

RAO, Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED:

1. That the items of merchandise covered by the appeals for reappraisement enumerated on Schedule A attached hereto, which are described on the invoices thereof by the manufacturer's numbers *and* names which are stated on Schedule B attached hereto are leather-bound prayer books which were imported from Belgium;

2. That said leather-bound prayer books and the issues in said appeals for reappraisement are similar in all material respects to the leather-bound prayer books and the issues in *United States* v. *Malhame & Co. et al.* C. A. D. 472, and that the record in said case may be admitted in evidence in and incorporated with the records of the appeals for reappraisement which are enumerated on Schedule A attached hereto;

3. That there was no "foreign value", "export value" or "United States value", as defined in Section 402, subdivisions (c), (d) and (e), respectively, of the Tariff Act of 1930, as amended, of the leather-bound prayer books covered by said appeals for reappraisement, or of any part of said leather-bound prayer books, at the time of exportation thereof to the United States;

4. That the invoice values of said leather-bound prayer books correctly represent the "cost of production" thereof, as defined in Section 402 (f) of the Tariff Act of 1930, as amended;

5. That 66⅔ per cent of the invoice values of said leather-bound prayer books correctly represents the "cost of production," as defined in Section 402 (f) of said Act, of their leather bindings, and that 33⅓ per cent of the invoice values of said leather-bound prayer books correctly represents the "cost of production", as defined in Section 402 (f) of said Act, of their pages or printed texts;

520

6.   That this stipulation is limited to the leather-bound prayer books which are covered by said appeals for reappraisement; that said appeals are abandoned as to all merchandise except the leather-bound prayer books; and that said appeals for reappraisement may be submitted for decision on this stipulation and on the invoices, entries and other official papers relating to the entry and appraisement of said merchandise covered by said appeals.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the leather-bound prayer books described on the invoices by the manufacturer's numbers and names, which are stated on schedule "B" hereto attached and made a part hereof; that 66⅔ per centum of the invoice values thereof were the said costs of production of the leather bindings; and that 33⅓ per centum of the invoice values thereof were said costs of production of the pages or printed texts.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be entered accordingly.